IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Gerald Smith, Jr.,                      Case No. 4:11 CV 590

            Petitioner,           MEMORANDUM OPINION
                                            AND ORDER
    -vs-
                                            JUDGE JACK ZOUHARY

United States of America, et al.,

            Respondents.

## INTRODUCTION

Pending before the Court is *pro se* Petitioner Gerald Smith Jr.'s Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 (Doc. No. 1). He names the United States of America and the Warden at the Federal Correctional Institution in Elkton, Ohio, where Petitioner is incarcerated, as Respondents. Petitioner asserts his sentence was imposed in violation of the Constitution and seeks to either set aside his sentence or reduce the length to the low end of the Guidelines range.

## BACKGROUND

In 2006, Petitioner was indicted in the United States District Court for the Northern District of Alabama. *United States v. Smith*, No. 1:06-cr-00326 (N.D. Ala. filed Aug. 6, 2006). He was charged with one count of distributing five or more grams of crack cocaine in violation of 18 U.S.C. § 841 (a)(1) and (b)(1). After pleading guilty, Petitioner was sentenced to 235 months imprisonment. In November 2008, Petitioner filed a Motion for Retroactive Application of Sentencing Guidelines

to Crack Cocaine Offense pursuant to 18 U.S.C. § 3582. The Motion was denied, he appealed, and the Eleventh Circuit affirmed the district court's sentence.

The substance of Petitioner's present claims focuses on the purported unreasonableness of the 235-month sentence imposed by the trial court. He uses the following five major points to support his claims: (1) he was entrapped to sell crack and his attorney never advised him that entrapment is a viable defense; (2) the trial court failed to question him regarding prior convictions the Government used to enhance his sentence; (3) a hearing on that issue was required; (4) the Government should have insisted the trial court follow its recommendation to sentence him to the lower end of the 188–234-month Guidelines range based on acceptance of responsibility; and (5) counsel was deficient when he allowed the court to disregard Petitioner's acceptance of responsibility. Petitioner believes he is entitled to release based on a void sentence, or, alternatively, to be resentenced to the lower end of the Guidelines range. Without addressing the propriety of Petitioner's claims, this Court will first address whether he is entitled to seek relief under 28 U.S.C. § 2241.

## ANALYSIS

If a petitioner seeks to challenge the execution of his sentence, he may file a Section 2241 petition in the district court having jurisdiction over his custodian. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). But where, as here, a federal prisoner seeks to challenge the imposition of his sentence on grounds that the sentence was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," he generally must file a Section 2255 motion to vacate, set aside or correct sentence in the

sentencing court. *See* 28 U.S.C. § 2255; *see also Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999).

A federal prisoner may not challenge his conviction and sentence under Section 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255.

Petitioner does not disclose whether he previously filed a motion to vacate in the trial court, or why his remedy is now inadequate or ineffective to test the legality of his detention. As a matter of law, a prisoner's remedy under Section 2255 is not inadequate or ineffective merely because the prisoner is time-barred, *Charles*, 180 F.3d at 756, otherwise procedurally barred from seeking relief under Section 2255, *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997), already filed one motion to vacate, *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997), or been denied permission to file a second or successive motion to vacate. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Here, Petitioner fails to satisfy his burden to prove that his remedy under Section 2255 is inadequate or ineffective. *See Charles*, 180 F.3d at 756.

Petitioner's attempt to argue he is entitled to relief based on "factual innocence" also fails. Simply stating he is innocent of a crime to which he pled guilty does not open the door to reevaluate the sentence imposed. For example, past cases of factually innocent defendants involved prisoners convicted of "using" a firearm during a drug or violent crime who found themselves innocent when the Supreme Court subsequently defined "use" much more narrowly. *See Bailey v. United States*, 516 U.S. 137 (1995); *see also* 18 U.S.C. § 924(c)(1). These prisoners, who could not establish their innocence before *Bailey*, were barred from Section 2255 relief after *Bailey* because successive Section

3

2255 petitions are limited to newly discovered evidence or a new and retroactive rule of constitutional law. *See* 28 U.S.C. § 2255; *see also Bousley v. United States*, 523 U.S. 614, 623–24 (1998) (holding in a Section 2255 case that the failure to raise a *Bailey* claim on direct review can be overcome by a showing of "actual innocence"). Thus, when a prisoner can show that an intervening change in the law establishes his actual innocence, he may invoke the savings clause of Section 2255 and proceed under Section 2241. *See Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001) ("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their actual innocence").

There is no credible allegation that the law to which Petitioner entered a guilty plea has changed. Without a claim that he is serving a sentence for which his actions are no longer considered criminal, he is not entitled to relief pursuant to 28 U.S.C. § 2241.

## CONCLUSION

Based on the foregoing, the Petition is dismissed pursuant to 28 U.S.C. § 2243. This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

June 29, 2011